ESTATE OF EDWARD T. KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40019. Promulgated February 27, 1931.

*Raymond H. Berry*, Esq., and *Arthur Wood*, Esq., for the petitioner.

*Arthur Fast*, Esq., for the respondent.

OPINION.

VAN FOSSAN: The first issue is whether or not lot No. 574 of the Russell Woods subdivision was sold before decedent's death. This is a question of fact and the evidence clearly establishes that the lot was sold by decedent and his wife in June, 1925. Decedent died in December, 1925. Lot No. 574 of the Russell Woods subdivision was, therefore, not a part of decedent's estate at the time of his death. Its value, namely $4,300, should not be included in the value of the gross estate.

The remaining issue is whether or not, under the provisions of section 302 (e) of the Revenue Act of 1924, the whole or any part of lot No. 1033, Rosedale Park subdivision, should be included in the decedent's gross estate.

The applicable portion of section 302 (e) of the Revenue Act of 1924 provides as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

> \*     \*     \*     \*     \*     \*     \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person \* \* \*.

Petitioner contends that the facts prove that Katherine M. Kelley, the surviving spouse, furnished the whole of the consideration with which the lot now in question was acquired and that it is not the

intendment of section 302 (e) that the value of property so acquired should be included in a decedent's gross estate even though, admittedly, at the date of decedent's death such property was held by him and his surviving spouse as tenants by the entirety.

A prerequisite to the application of the exception contained in that part of section 302 (e) immediately preceding the word "Provided" is the original ownership of the property in question by the surviving spouse. The facts in this case show that the property was not originally owned by the surviving spouse but was acquired by decedent and his wife from Van Avery as tenants by the entirety. Thus, the property held at decedent's death had not been previously acquired by the surviving spouse from decedent and there is, therefore, no question so far as the immediate property is concerned as to the payment by the wife to decedent of less than a fair consideration in money or money's worth.

Passing to a consideration of that part of section 302 (e) following the word "Provided" it is obvious that if the phrase, "such property or any part thereof" relates, as seems logical, to property comprehended in the language immediately preceding the word "Provided," i. e., property originally belonging to the surviving spouse, then the above is a conclusion of the matter as the property here in question did not originally belong to the surviving spouse.

If, on the other hand, the phrase "such property or any part thereof, or part of the consideration by which such property was acquired" relates back to the general term "interest held therein * * * as tenants by the entirety" it is pertinent to observe that the consideration for the property held at death was the exchange of lot 160, Holden and Murray addition, title to which lot was held by the wife in her own right and was acquired by her from decedent. This lot 160 was purchased and paid for by decedent and transferred to his wife as a gift. Therefore, lot 160, the consideration given for lot 1033 (the property here in question) was acquired by the surviving spouse from decedent for less than a fair consideration in money or money's worth. The statute provides that in such case "there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by " the wife. She furnished no part of the consideration for lot 160. Therefore, no part of the value of the Van Avery property (lot 1033, Rosedale Park subdivision) is to be excepted from the gross estate.

On either interpretation of the statute petitioner's contention fails. The value of lot 1033, Rosedale Park subdivision, should be included in the gross estate of the decedent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*